**EXHIBIT A**

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| JESSIE FORBES and KYLE FORBES, individually and in their marital community, <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, a Washington Profit Corporation; and RU SE 51ST STREET ISSAQUAH WA, LLC, a California Limited Liability Company, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR PERSONAL INJURIES** |

COMES NOW Plaintiffs Jessie and Kyle Forbes (collectively, "Plaintiffs"), by and through their attorneys, Corr Downs PLLC, and hereby state and allege as follows:

## I. PARTIES

1.1     At all times material hereto, Plaintiffs Jessie and Kyle Forbes were married and residents of King County, Washington.

1.2     Upon information and belief, Defendant Costco Wholesale Corporation ("Costco") is a Washington for profit corporation with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027-8990.

1.3     Upon information and belief, Defendant RU SE 51st Street Issaquah WA, LLC ("RU") is a California limited liability company with its principal place of business at 3090 Bristol Street, Suite 550, Costa Mesa, California 92626.

COMPLAINT FOR PERSONAL INJURIES - 1

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction over this matter because the acts, errors, breaches, and other facts complained of herein occurred in King County, Washington.

2.2     Venue is proper in this Court as Costco and RU transact business in King County, Washington.  In addition, the acts, errors, breaches, and other facts complained of herein occurred in King County, Washington.

## III. FACTS

3.1     RU is the owner of the office building, commonly referred to as "Building 7," located at 22011 SE 51st Street, Issaquah, Washington 98029, Parcel ID No. 212406-9003-09 ("Building 7").

3.2     Costco entered into a lease agreement with RU to rent Building 7 for its employees to work in.

3.3     Knowing that Building 7 had a myriad of deficiencies, including extensive mold and other airborne pollutants, RU leased the building to Costco before these issues were completely resolved.

3.4     At all relevant times hereto, under Section 4 of the lease with Costco, RU explicitly retained control and authority over the premises for maintenance and repairs.

3.5     RU was made aware of and agreed to make repairs for the substantial deficiencies, including mold and airborne pollutants, in Building 7 and failed to do so.

3.6     At the time Costco entered into a lease agreement with RU, Costco was aware of the extensive mold and airborne pollutants in Building 7, as well as other deficiencies that made it uninhabitable and/or unsafe for its employees to work in.

3.7     Costco admittedly leased Building 7 knowing that "the location was in need of extensive renovations" and "sat idle for five years" before it leased the premises.

3.8     In September of 2018, Plaintiff Jessie Forbes was moved into Building 7 to work full time.  Plaintiff Jessie Forbes remained working in Building 7 until January of 2020.

COMPLAINT FOR PERSONAL INJURIES - 2

Corr | Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

3.9    Knowing that Building 7 had a myriad of deficiencies, including extensive mold and other airborne pollutants, Costco required Plaintiff Jessie Forbes and other employees to begin working in Building 7 before these issues were completely resolved and intentionally exposed them to mold knowing that they would have serious adverse health effects.

3.10    Several employees, including Plaintiff Jessie Forbes, made written and oral complaints to Costco regarding mold, airborne pollutants, black dust, open and apparent water stains and leaks, dead rodents, and illnesses while employed in Building 7.

3.11    Despite Costco's knowledge of Building 7's deficiencies that made it uninhabitable and/or unsafe for its employees to work in, Costco still required Plaintiff Jessie Forbes and its other employees to continue to work in Building 7 and assured them that it was safe to do so.

3.12    In July/August of 2019, Plaintiff Jessie Forbes became pregnant and her unborn child was likely exposed to mold.

3.13    Costco had actual knowledge that an injury to Plaintiff Jessie Forbes was certain to occur and willfully disregarded that knowledge.

3.14    At all relevant times, Plaintiff Jessie Forbes conducted herself in a reasonable and prudent manner and she did not contribute to nor cause the adverse health effects suffered.

3.15    Plaintiff Jessie Forbes has suffered, and will continue to suffer, pain, mental and physical anguish, continued partial disability, and loss of enjoyment of life.

3.16    As a direct, proximate, and foreseeable result of Costco's and RU's conduct, Plaintiff Jessie Forbes suffered from extreme fatigue and exhaustion, headaches, vertigo, tinnitus, hair loss, constant congestion, night sweats, muscle and joint aches and pains, memory loss, skin rashes, numbness, tingling, and sensitivity of appendages, loss of vision, anxiety, aphasia, mood swings, body twitches, and partial disability.

3.17    As a further direct, proximate, and foreseeable result of Costco's and RU's conduct, Plaintiff Jessie Forbes's unborn child was likely exposed to mold.

COMPLAINT FOR PERSONAL INJURIES - 3

**Corr | Downs PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

3.18   As a further direct, proximate, and foreseeable result of Costco's and RU's conduct, Plaintiff Jessie Forbes has suffered significant monetary losses resulting from the impairment of her earning capacity.

3.19   As a further direct, proximate, and foreseeable result of Costco's and RU's conduct, Plaintiff Jessie Forbes has expended and may be compelled to expend money for medical and related medical services in an effort to regain her and her child's health and her normal physical condition that existed prior to employment in Building 7, the exact extent of which is currently unknown but will be further established and proven at the time of trial.

3.20   As a further direct, proximate, and foreseeable result of Costco's and RU's conduct, Plaintiff Kyle Forbes has suffered loss of consortium, companionship, support, nurture, and enjoyment of life.

3.21   Plaintiffs' harms, losses, and damages are continuing.

### IV.   FIRST CAUSE OF ACTION: RCW 51.24.020

4.1   Plaintiffs incorporate by reference the foregoing allegations.

4.2   Under RCW 51.24.020: "If injury results to a worker from the deliberate intention of his or her employer to produce such injury, the worker or beneficiary of the worker shall have the privilege to take under this title and also have cause of action against the employer as if this title had not been enacted, for any damages in excess of compensation and benefits paid or payable under this title."

4.3   The deliberate intention exception to workers' compensation includes two elements: (1) the employer had certain knowledge injury would occur and (2) the employer willfully disregarded that knowledge.

4.4   Costco required Plaintiff Jessie Forbes to work in Building 7 from September of 2018 to January of 2020.

4.5   In advance of requiring Plaintiff Jessie Forbes and other employees to work in Building 7, Costco had actual notice of the mold and airborne pollutant hazards that existed in Building 7.

COMPLAINT FOR PERSONAL INJURIES - 4

4.6     While Plaintiff Jessie Forbes and other employees worked in Building 7, Costco observed injuries to Plaintiff Jessie Forbes and other employees and received complaints from Plaintiff Jessie Forbes and other employees.

4.7     Costco assured Plaintiff Jessie Forbes and other employees of the safety of working in Building 7 despite knowledge that it was uninhabitable and/or unsafe.

4.8     Costco's acts and omissions that resulted in Plaintiff Jessie Forbes's injuries were ongoing.

4.9     Plaintiff Jessie Forbes's health impacts from mold and airborne pollutant exposure were predictable.

4.10    As a direct, proximate, and foreseeable result of Costco's intentional actions, Plaintiff Jessie Forbes sustained bodily injury, pain and suffering, both physical and mental, and loss of enjoyment of life, loss wages, lost employment opportunities, and loss earning capacity, some of which are continuing.

4.11    Costco and RU are each jointly and severally liable for the full extent of the harms and losses Plaintiffs suffered as a result of the fault of Costco and RU.

## V.   SECOND CAUSE OF ACTION: NEGLIGENCE

5.1     Plaintiffs incorporate by reference the foregoing allegations.

5.2     A possessor of land is subject to liability for harm caused to his invitees by a condition on the land, if the possessor: (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to invitees; (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect the invitee against danger.

5.3     A commercial landlord is a possessor of land when it agrees to repair and maintain the premises.

5.4     RU knew, or by the exercise of reasonable care should have known, of the mold and airborne pollutants in Building 7.

COMPLAINT FOR PERSONAL INJURIES - 5

CORR | DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

5.5    RU had a duty to maintain Building 7 in a reasonably safe condition and had a duty to adequately repair hazards and/or warn users of existing hazards, like mold and pollutants, in Building 7.

5.6    RU should have expected that Plaintiff Jessie Forbes would not have discovered or realized the danger or would fail to protect herself against Building 7's hazards.

5.7    RU breached the aforementioned duty owed to Plaintiff Jessie Forbes and failed to exercise reasonable care to protect Plaintiff Jessie Forbes against Building 7's hazards.

5.8    As a direct, proximate, and foreseeable result of the fault of RU, Plaintiff Jessie Forbes sustained bodily injury, pain and suffering, both physical and mental, and loss of enjoyment of life, loss wages, lost employment opportunities, and loss earning capacity, many of which are continuing.

5.9    Costco and RU are each jointly and severally liable for the full extent of the harms and losses Plaintiffs suffered as a result of the fault of Costco and RU.

## VI.    THIRD CAUSE OF ACTION: LOSS OF CONSORTIUM

6.1    Plaintiffs incorporate by reference the foregoing allegations.

6.2    Costco's intentional actions/inactions and RU's negligence caused physical and emotional harm to Plaintiff Jessie Forbes that substantially interfered with the care, support, and consortium provided to and between Plaintiff Kyle Forbes.

6.3    As a direct, proximate, and foreseeable result of Costco and RU's conduct, Plaintiffs have suffered loss of consortium, companionship, support, nurture, and enjoyment of life.

6.4    Plaintiffs' harms, losses, and damages are continuing.

6.5    Costco and RU are each jointly and severally liable for the full extent of the harms and losses Plaintiffs suffered as a result of the fault of Costco and RU.

COMPLAINT FOR PERSONAL INJURIES - 6

**Corr | Downs PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

## VII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Costco and RU as follows:

7.1 That the Court enter judgment in favor of Plaintiffs for general and special damages in an amount to be proven at trial.

7.2 For pre-judgment interest on all liquidated sums.

7.3 That the Court award Plaintiffs their costs, attorneys' fees, and interest.

7.4 That the Court award Plaintiffs any and all additional relief allowed by law or equity as the Court deems appropriate.

DATED:  December 7, 2020

CORR|DOWNS PLLC

By: *s/Joseph P. Corr*
    Joseph P. Corr, WSBA No. 36584
    Gretchen J. Hoog, WSBA No. 43248
    Jacqueline Middleton, WSBA No. 52636
    100 W Harrison St, Suite N440
    Seattle, WA 98119
    Phone: 206.962.5040
    jcorr@corrdowns.com
    ghoog@corrdowns.com
    jmiddleton@corrdowns.com
Attorneys for Plaintiffs Jessie and Kyle Forbes

COMPLAINT FOR PERSONAL INJURIES - 7

**Corr | Downs PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040